# UNITED STATES BANKRUPTCY COURT
# FOR THE
# WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: ) | |
| ) | |
| THERMOVIEW INDUSTRIES, INC. ) | |
| ) | |
| Debtor(s) ) | Case No.  05-37123(1)(11) |
| ) | |
| THERMOVIEW INDUSTRIES, INC. ) | |
| ) | |
| Plaintiff(s) ) | AP No.    06-3124 |
| ) | |
| vs. ) | |
| ) | |
| NELSON E. CLEMMENS ) | |
| WESTCHESTER FIRE INSURANCE ) | |
| COMPANY ) | |
| ) | |
| Defendant(s) ) | |

## MEMORANDUM-OPINION

This matter is before the Court on the Motion for Summary Judgment of Plaintiff/Debtor Thermoview Industries, Inc. ("Debtor"). The Court considered the Debtor's Motion and Supporting Memorandum and the Memorandum of Facts and Law in Opposition to Debtor's Motion for Summary Judgment of Defendant Nelson E. Clemmens ("Clemmens"). For the following reasons, the Court enters summary judgment in favor of the Debtor on its Complaint to Avoid Preferential Transfer. An Order accompanies this Memorandum-Opinion.

**UNDISPUTED MATERIAL FACTS**

On or about July 11, 2005, Clemmens obtained a Judgment in the amount of $225,000 against the Debtor in the Jefferson Circuit Court in an action styled <u>Nelson E. Clemmens v. ThermoView Industries, Inc.</u>, 01-CI-07901 (hereinafter referred to as "the Judgment"). Debtor filed a Notice of Appeal of the Judgment with the Kentucky Court of Appeals. That appeal is currently pending.

On July 27, 2005, Debtor transferred $300,000 of its funds to the Westchester Fire Insurance Company ("Westchester") in order to obtain a supersedeas bond hereinafter referred to as the ("Bond"). The purpose of the Bond was to stay enforcement of the Judgment by Clemmens pending Debtor's appeal.

On or about September 26, 2005, Debtor filed its Voluntary Petition seeking relief under Chapter 11 of the United States Bankruptcy Code.

On or about June 22, 2006, Debtor instituted this adversary proceeding against Clemmens alleging that the transfer of the $300,000 by Debtor to obtain the bond constituted a preference under 11 U.S.C. §547 and asserting that the transfer should be avoided, the bond set aside and voided and that the funds be returned to the Debtor.

**CONCLUSIONS OF LAW**

A. <u>Summary Judgment</u>.

Rule 7056 of the Federal Rules of Bankruptcy Procedure adopts the standard for summary judgment set forth in Rule 56 of the Federal Rules of Civil Procedure. Summary judgment is appropriate only when no genuine issue of material fact remains to be decided so that the moving

party is entitled to judgment as a matter of law. Historic Preservation Guild of Bay View v. Burnley, 896 F.2d 985, 989 (6th Cir. 1989).

The party moving for summary judgment bears the initial responsibility of informing the Court of the basis of its motion and identifying those portions of the record which demonstrate the absence of a material issue of fact. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Once the moving party has met its initial burden, the nonmoving party must come forward with specific facts showing that there is a genuine issue of material fact on which the nonmoving party will bear the burden of proof at trial. Celotex, 477 U.S. at 322-24. If after adequate discovery the party bearing the burden of proof fails to make a sufficient showing to establish any central element of its claim, summary judgment is appropriate. Id.

    B. 11 U.S.C. §547.

Debtor contends that the $300,000 transferred to Westchester to obtain the supersedeas bond must be avoided as a preferential transfer pursuant to 11 U.S.C. §547. The pertinent part of the statute provides:

. . . . .

> . . . the trustee may avoid any transfer of an interest of the debtor in property –
>
> (1) to or for the benefit of a creditor;
>
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
>
> (3) made while the debtor was insolvent;
>
> (4) made –
>
>     (A) on or within 90 days before the date of the filing of the petition; or

3

>    (B) between 90 days and one year before the date of
>    the filing of the petition; if such creditor at the time of
>    such transfer was an insider; and
>
> (5) that enables such creditor to receive more than such creditor
> would receive if –
>
>    (A) the case were a case under chapter 7 of this title;
>
>    (B) the transfer had not been made; and
>
>    (C) such creditor received payment of such debt to the
>    extent provided by the provisions of this title.

All five elements are pre-requisites to the finding of a voidable preference. In re Arnett, 731 F.2d 358, 360 (6th Cir. 1984).

The first issue is whether any interest of the debtor was transferred when it paid $300,000 to Westchester in order to obtain the Bond. Courts disagree on whether a bankruptcy estate obtains an interest in a supersedeas bond or its proceeds. See, In re Southmark Corp., 138 B.R. 820, 827 (Bankr. N.D. Tex. 1992) and cases cited therein. Clemmens contends that the bond is not part of the Debtor's estate, citing Moran v. Johns Manville Sales Corp., 28 B.R. 376, 377-78 (N.D. Ohio 1983). This case, however, does not consider the bond and whether it is property of the estate in light of the appellate process and the Bankruptcy Code. See, In the Matter of Celotex Corp., 128 B.R. 478, 481 (Bankr. M.D. Fla. 1991). In Celotex, the Court stated:

> If at the time of filing of the petition the appellate process has not
> been concluded, the debtor still has an interest in the supersedeas
> bond cognizable under Section 541 of the Bankruptcy Code subject
> to the interest being divested if the debtor is unsuccessful and the
> appellate process is completed.

Id. at 482. Otherwise, the bond would be subject to attack by a judgment creditor, even if the appellate process was not yet complete. Taking this analysis one step further, if the debtor were

ultimately successful on the appeal, upon the release of the bond, the property would then become property of the estate, and if reorganization was complete and a plan confirmed by the time the appeal was complete, the bond funds would not be available to the creditor. Id.

This Court finds the analysis even simpler than that. The fundamental inquiry is whether the transfer diminished or depleted the debtor's estate. 5 Lawrence P. King, Collier on Bankruptcy, ¶547.03[2] (15th ed. rev. 2006). Clearly, Debtor's estate was diminished by $300,000 the moment the funds were transferred to Westchester and those funds were not available to other creditors. The Court, therefore, finds that an interest of the debtor was transferred when the funds came out of the Debtor's account and went to Westchester.

The next element is whether the funds were transferred to or for the benefit of a creditor. It is clear that Westchester was not a creditor at the time of the transfer.[1] Under the Bankruptcy Code, the term "transfer" includes "each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with (i) property; or (ii) an interest in property." Clearly, the Code does not sanction indirect transfers that if performed directly would be barred. 5 Lawrence P. King, Collier on Bankruptcy, ¶547.03[1][a], (15th ed. rev. 2006). "Thus, for example, the transfer of collateral to a bank to secure a letter of credit issued for the benefit of a creditor to satisfy an antecedent obligation of the debtor to the creditor may constitute an indirect preference to the creditor." Id. See also, cases cited therein at n.8. The situation is directly analogous to this example. The transfer of the $300,000 to Westchester was an indirect transfer of property of the Debtor for the benefit of Clemmens.

---

[1] Clemmens takes issue with the fact that Debtor has not directly involved Westchester in this action. Westchester was not a creditor and therefore cannot be the proper subject of this preference action.

There is no dispute that the transfer was for the benefit of a creditor. At the time the funds were transferred, Clemmens held an unsecured judgment against Debtor. The very purpose of the transfer was to obtain the Bond which would stay enforcement of execution of the Judgment. It further assured payment of Clemmens' Judgment in full, should the appeal be successful. Thus, the transfer was certainly for the benefit of a creditor.

The next element that Debtor must establish is that the transfer was for or on account of an antecedent debt owed by Debtor before such transfer was made. This element is easily met as the Judgment obtained by Clemmens which created the debt was obtained on July 11, 2005. The Judgment date preceded the date of the transfer of the funds by the Debtor and the placement of the Bond. Therefore, the debt preceded the transfer and this element is met.

Next, Debtor must prove that the transfer was made while the Debtor was insolvent. The Code provides that with respect to preferences, the debtor is presumed to be insolvent on and during the 90 days immediately preceding the date of the filing of the petition. 11 U.S.C. §547(f). This presumption shifts the burden of going forward with the evidence to the transferee. In the absence of any evidence to the contrary, the presumption of insolvency establishes the fact that the debtor was insolvent at the time of the transfer. In re Allegheny Health, Education & Research Foundation, 292 B.R. 68, 77 (Bankr. W.D. Pa. 2003); In re Wallace's Bookstores, Inc., 316 B.R. 254, 259 (Bankr. E.D. Ky. 2004). No evidence was submitted by Clemmens to rebut the presumption. Therefore, the Debtor's insolvency at the time of the filing of the Petition is an undisputed fact.

The final element requires proof that the transfer enabled the creditor to receive more than it would have received if the case were one under Chapter 7 of the Bankruptcy Code. In order to make this determination the Court must determine the creditor's class and the distribution that class

would have received if the transfer had not been made. As long as the payment is less than 100%, any payment to an unsecured creditor during the preference period would enable that creditor to receive more than he would have in a liquidation. Palmer Clay Products Co. v. Brown, 297 U.S. 227 (1936). Rarely will an unsecured creditor's claim be worth 100 cents on the dollar. Matter of T. B. Westex Foods, Inc., 950 F.2d 1187, 1192 (5th Cir. 1992).

Debtor contends that a review of its schedules establishes the unlikely scenario of any unsecured creditor receiving 100% of its claim. More important to the case at bar, is the fact that the transfer to Westchester transformed Clemmens' unsecured claim to one with secured status. As Judge Easterbrook stated in a persuasive concurring opinion in Olympia Equipment Leasing Co. v. Western Union Telegraph Co., 786 F.2d 794, 800 (7th Cir. 1986), the posting of a supersedeas bond does not simply preserve the judgment creditor's position, it improves the position dramatically. It assures payment in full.

The undisputed facts of this case support this conclusion. Clemmens went from an unsecured creditor to a secured creditor the moment the Bond was posted. Had Debtor paid the Judgment in full instead of posting the bond, there would be no dispute that Clemmens had received a preference over other unsecured creditors. The Court sees no distinction between that scenario and the facts here. Clemmens clearly improved his position and received more than he would have been entitled to under a liquidation and had the transfer not occurred.

The record before the Court demonstrates that the Debtor has established all of the elements under 11 U.S.C. §547(b). These facts are undisputed and establish an avoidable preference so long as there is no defense to the action.

C. Clemmens' Defenses.

In his Response to Debtor's Motion for Summary Judgment, Clemmens contends that the Debtor received new value in the contemporaneous transaction between it and Westchester. Clemmens claims Westchester took on a new obligation to pay Clemmens in the event that the Debtor was not successful on its appeal in exchange for the funds transferred. Clemmens claims that such transfer is not voidable under §547.

Under the "new value" defense, the transfer is not a preference if (1) the defendant extended new value to the debtor, (2) both the defendant and the debtor intended the new value and reciprocal transfer by the debtor to be contemporaneous, and (3) the exchange was in fact contemporaneous. In re Arnett, 731 F.2d 358, 362 (6th Cir. 1984). This exception does not apply to the facts before the Court.

The exception does not apply because the transfer to Westchester indirectly benefitted Clemmens, but Clemmens did nothing nor did he give the Debtor anything of value to become a secured creditor. "New value" is defined in 11 U.S.C. §547(a)(2). It means money or money's worth, but does not include an obligation substituted for an existing obligation. While Debtor received the benefit of the stay of execution on the Judgment, Debtor did not receive the monetary equivalent of $300,000 which it transferred to Westchester. Clemmens failed to prove that he extended equivalent new value to the Debtor in exchange for the preferred status of secured creditor.

Next, Clemmens' attempts to defend the preference claim by application of the earmarking doctrine. Clemmens contends that the earmarking doctrine applies where a third party pays an antecedent debt of the Debtor's creditors. In those cases cited by Clemmens in support of this position, Matter of Middle Earth Graphics, Inc., 164 B.R. 557 (W.D. Mich. 1994) and In re Trinity

Plastics, Inc., 138 B.R. 203 (Bankr. S.D. Ohio 1992), payments were made by a third party on an antecedent debt. However, in those cases, the creditor making the payment had an independent obligation, legal or contractual, to pay the debtor's creditors and debtor had no control over the payment. In the case at bar, Westchester did not replace Clemmens as Debtor's creditor, which is the case in a typical earmarking scenario. In AOV Industries, Inc., 64 B.R. 933 (Bankr. D. Dist. Col. 1986), a case relied on by Clemmens, the court stated that the earmarking doctrine applies where the funds used to pay the debt do not diminish the debtor's estate. The debtor in effect, has no control over the funds as they are "earmarked" for a specific debt. In the case at bar, it cannot be seriously argued that the funds transferred to Westchester to obtain the Bond on Clemmens' behalf did not diminish Debtor's estate. Debtor clearly controlled the funds and once they were transferred, Debtor's estate was immediately diminished by $300,000. The earmarking doctrine does not apply to this case.

Finally, by finding that Debtor has established all elements of a preference under 11 U.S.C. §547, the Court determines that the appropriate remedy is to void the transfer. The Debtor's Complaint does not seek recovery of the funds under 11 U.S.C. §550. Rather, the transfer of the interest in the Bond to Clemmens is avoided.

## **CONCLUSION**

For all of the above reasons, the Motion for Summary Judgment of Plaintiff/Debtor ThermoView Industries, Inc. against Defendant Nelson E. Clemmens is **GRANTED**. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | | |
|---|---|---|---|
| IN RE: | ) | | |
| | ) | | |
| THERMOVIEW INDUSTRIES, INC. | ) | | |
| | ) | | |
| Debtor(s) | ) | Case No. | 05-37123(1)(11) |
| | ) | | |
| THERMOVIEW INDUSTRIES, INC. | ) | | |
| | ) | | |
| Plaintiff(s) | ) | AP No. | 06-3124 |
| | ) | | |
| vs. | ) | | |
| | ) | | |
| NELSON E. CLEMMENS | ) | | |
| WESTCHESTER FIRE INSURANCE | ) | | |
| COMPANY | ) | | |
| | ) | | |
| Defendant(s) | ) | | |

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion for Summary Judgment of Plaintiff/Debtor ThermoView Industries, Inc. against Defendant Nelson E. Clemmens, be and hereby is **GRANTED**. There are no genuine issues of material fact and Plaintiff/Debtor Thermoview Industries, Inc. is entitled to Judgment as a matter of law on its Complaint. The transfer of $300,000 by Debtor to Westchester Fire Insurance Company to obtain the Supersedeas Bond on behalf of Defendant Nelson E. Clemmens is avoided pursuant to 11 U.S.C. §547.